| | |
|---|---|
| QUINTIN D. MELANCON | DOCKET NO: 666250  DIV: SEC. 26 |
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| BITCO GENERAL INSURANCE CORPORATION, ROBERT W. WALL, INC. AND JOHNNY PHELPS | PARISH OF EAST BATON ROUGE  STATE OF LOUISIANA |

COST OK $ 720
FEB 08 2018
DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES

The petition of **QUINTIN D. MELANCON,** a person of the full age of majority and domiciled in Ascension Parish, State of Louisiana, through undersigned counsel, respectfully represents as follows:

1.

Named as Defendants herein are as follows:

1. **BITCO GENERAL INSURANCE CORPORATION (hereinafter sometimes referred to as "BITCO"),** a foreign insurer, authorized to do and doing business in the State of Louisiana, who can be served through their agent for service, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809;

2. **ROBERT W. WALL, INC.,** a foreign corporation, authorized to do and doing business in the State of Mississippi, who can be served through their agent for service, Kimberly G. Wall, 4037 Hwy 584 W, PO Box 497, Osyka, MS 39657; and

3. **JOHNNY PHELPS,** a person of the full age of majority and a resident of East Baton Rouge Parish, State of Louisiana, whose address is 305 S. 1st St., Baton Rouge, LA 70802;

2.

The above named defendants are liable jointly and *in solido* unto petitioner for such damages as are reasonable in the premises, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings for the following reasons, to-wit:

3.

On or about March 21, 2017, **QUINTIN D. MELANCON**, was the owner and operator of 2016 Chevrolet 2500 HD, bearing vehicle identification number (VIN) 1GB1LUEG0GT155775, traveling westbound on Interstate 10 in East Baton Rouge Parish, Louisiana. At all times pertinent hereto, **QUINTIN D. MELANCON** was operating his vehicle in a lawful and prudent manner.

REC'D C.P.
FEB 08 2018

4.

At that same time referred to in the immediately preceding paragraph, **JOHNNY PHELPS,** was operating a 2015 Ford F-550, bearing vehicle identification number (VIN) 1FD9W5HT1FEC30843 and owned by **ROBERT W. WALL, INC.** Said vehicle was also traveling


EXHIBIT 1

westbound on Interstate 10 in East Baton Rouge Parish.

5.

For reasons unknown, defendant, **JOHNNY PHELPS**, suddenly and without warning slammed into the rear of Plaintiff causing a violent collision between the two vehicles as well as pushing petitioner's vehicle into the rear of another vehicle in front of him.

6.

The collision between the two vehicles was with such force and impact that it caused petitioner, **QUINTIN D. MELANCON**, to suffer severe personal injuries.

7.

The injuries sustained by Petitioner were caused by the negligence of **JOHNNY PHELPS**, in the following non-exclusive list of particulars:

  a. Failure to keep a proper lookout;
  b. Failure to see what he should have seen;
  c. Failure to maintain control of his vehicle;
  d. Failure to properly operate his vehicle in a safe and prudent manner;
  e. Failure to take proper evasive actions;
  f. Following too closely;
  g. Failure to maintain a safe distance behind a preceding vehicle;
  h. Failure to stop behind a preceding vehicle;
  i. Running into the rear of a preceding vehicle; and
  j. Any other acts of negligence by the defendant that will be shown at the trial on the merits.

8.

Petitioner avers upon information and belief that at all material times herein, **BITCO GENERAL INSURANCE CORPORATION**, had in full force and effect a policy of liability insurance covering the vehicle owned by **ROBERT W. WALL, INC.** and being operated by **JOHNNY PHELPS**. Said policy is believed to have covered the types of injuries sustained by Petitioner as a result of this collision.

9.

To the best of Petitioner's knowledge and belief, at the time of the of the collision referred to above, the defendant, **JOHNNY PHELPS**, was in the course and scope of his employment with

defendant, ROBERT W. WALL, INC., and therefore under the theory of Respondent Superior, the defendant, ROBERT W. WALL, INC., is liable for the acts of its agent/employee, JOHNNY PHELPS.

10.

Petitioner, QUINTIN D. MELANCON, as a result of the above described accident has suffered the following damages:

a. Past medical expenses;
d. Future medical expenses;
b. Past physical pain and suffering;
c. Future physical pain and suffering;
d. Past mental pain and anguish;
e. Future mental pain and anguish;
f. Loss of enjoyment of life;
g. Loss of wages, past and present;
h. Other damages as will be shown at the trial on the merits.

11.

Petitioner alleges amicable demand to no avail.

**WHEREFORE**, petitioner, QUINTIN D. MELANCON, prays that defendants be duly cited and served with a copy of this petition and cited to appear and answer same, and that after all legal delay and due proceedings are had, there be judgment rendered in favor of petitioner and against defendants, jointly and *in solido*, for such damages as are reasonable in the premises, together with legal interest therein from the date of judicial demand until paid and for all costs of these proceedings and;

1. In favor of petitioner, QUINTIN D. MELANCON, and against defendants, BITCO GENERAL INSURANCE CORPORATION, JOHNNY PHELPS and ROBERT W. WALL, INC., jointly and *in solido*, for such damages as are reasonable in the premises; and

2. In favor of petitioner, QUINTIN D. MELANCON, and against defendants, BITCO GENERAL INSURANCE CORPORATION, JOHNNY PHELPS and ROBERT W. WALL, INC., jointly and *in solido*, for legal interest from the date of judicial

demand until paid, for all costs of these proceedings, and all other equitable and general relief.

RESPECTFULLY SUBMITTED,

BY ATTORNEYS:

**GAUTHIER & AMEDEE**
A Professional Law Corporation
2111 South Burnside Avenue
Gonzales, Louisiana 70737
Telephone: (225) 647-1700
Facsimile: (225) 647-1375

BY: _____
ANDRÉ P. GAUTHIER, Bar Roll # 21294
LEE J. AMEDEE, III, Bar Roll# 24278

AND

**JOEL G. PORTER**
Attorney at Law
1208 Julia Street
Baton Rouge, LA 70802
Telephone: (225) 978-1955
Facsimile: (225) 456-2886
Joelg9962@gmail.com

BY: _____
JOEL G. PORTER, Bar Roll #21828

**PLEASE SERVE THE FOLLOWING THREE (3) ENTITIES/PERSONS:**

**BITCO GENERAL INSURANCE CORPORATION**
*Through their agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**ROBERT W. WALL, INC.** *(Via Long Arm Service)*
*Through their agent for service of process:*
Kimberly G. Wall
4037 Hwy. 584, PO Box 497
Osyka, MS 39657

**JOHNNY PHELPS**
305 S 1st St
Baton Rouge, LA 70802

Z:\DOC\Personal Injury\Wilencon, Quintin\PLD - Petition for Damages.wpd

| | |
|---|---|
| QUINTIN D. MELANCON | DOCKET NO: 666228 SECTION: 26 |
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| BITCO GENERAL INSURANCE CORPORATION, ROBERT W. WALL, INC. AND JOHNNY PHELPS | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA |
| FILED:_____ | _____ DEPUTY CLERK |

## ACCEPTANCE OF SERVICE

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and for the Parish of Ascension, State of Louisiana, personally came and appeared:

### CYNTHIA S. HALES

who after being duly sworn and deposed did say that:

On February 19, 2018, she served a certified copy of the citation and Petition for Damages in this action under the Louisiana Long Arm Statute, R.S. 13:3201, pursuant to Section 3204 of Title 13, by mailing them to the defendant, Robert W. Wall, Inc.,, by certified mail, return receipt requested, properly addressed and postage prepaid; that on February 22, 2018, the citation and Petition for Damages were delivered and received by defendant; that she received the postal receipt attached hereto, indicating that same had been delivered to defendant.

_____
CYNTHIA S. HALES,
Paralegal to Andre' P. Gauthier
*Attorney for Plaintiff, QUINTIN MELANCON*

SWORN TO AND SUBSCRIBED
before me, Notary Public,
this 26th day of February, 2018

_____
NOTARY PUBLIC

Z:\DOC\Personal Injury\Melancon, Quintin\PLD - Acceptance of Service Robert W. Wall, Inc.wpd

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Robert W. Wall Inc
C/o Kimberly B Wall
PO Box 497
Osyka, MS 39657

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X _____ ☑ Agent ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Scanned
Date: 2/26/18

3. Service Type:
☐ Certified Mail  ☐ Priority Mail Express™
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
7011 3500 0001 0666 8563

PS Form 3811, July 2013    Domestic Return Receipt

**19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO.: 666228                                                                                              DIV. "B-26"

**QUINTIN D. MELANCON**

**VERSUS**

**BITCO GENERAL INSURANCE CORPORATION, ROBERT W. WALL, INC., AND JOHNNY PHELPS**

FILED: _____           _____
                                                                            **DEPUTY CLERK**

**ANSWER, AFFIRMATIVE DEFENSES
AND DEMAND FOR TRIAL BY JURY**

Defendants, Bitco General Insurance Corporation (herein after "Bitco") and Robert W. Wall, Inc., through undersigned counsel, respond as follows to the original Petition for Damages filed by Plaintiff, Quintin D. Melancon:

1.

Defendants, Bitco General Insurance Corporation and Robert W. Wall, Inc., admit only their status as defendants herein. The remaining allegations contained in Paragraph 1 of the Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

2.

The allegations of Paragraph 2 of the Petition for Damages are denied.

3.

The allegations of Paragraph 3 of the Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

4.

The allegations of Paragraph 4 of the Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

5.

The allegations of Paragraph 5 of the Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

**6.**

The allegations of Paragraph 6 of the Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

**7.**

The allegations of Paragraph 7 of the Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

**8.**

Bitco General Insurance Corporation admits the issuance of a policy of insurance, however said policy is writing and contains certain terms, definitions, conditions, limitations and exclusions and thus constitutes the best evidence of its own contents. Any allegations contained in plaintiff's petition not in conformity therewith are specifically denied.

**9.**

The allegations of Paragraph 9 of the Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

**10.**

The allegations of Paragraph 10 of the Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

**11.**

The allegations of Paragraph 11 of the Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

### AFFIRMATIVE DEFENSES

And now, further answering, Defendants plead the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff has no cause and/or right of action against them.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead all affirmative defenses set forth in the Louisiana Code of Civil Procedure and/or Louisiana Civil Code applicable herein.

## FOURTH AFFIRMATIVE DEFENSE

Defendants specifically plead that the sole cause of the damages and injuries sued upon herein were caused only and solely by the superseding and intervening negligence and/or fault of third parties or other entities over whom Defendants exercised no control and/or supervision, and for whose negligence and/or fault Defendants cannot be held legally responsible.

## FIFTH AFFIRMATIVE DEFENSE

Defendants aver that to the extent that plaintiff makes any recovery over and against them that said recovery must be reduced on the grounds that Plaintiff failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendants plead the doctrines of waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are the result of pre-existing and/or subsequently occurring conditions which are unrelated to the conduct of Defendants or any person or entity over whom they may bear some responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

In the event that the court or jury determines that Defendants bear any responsibility and/or liability to Plaintiff, which is specifically denied, then Defendants are entitled to a credit for any and all sums paid by parties or non-parties to Plaintiff or on his behalf in connection with any injuries and damages sued upon herein.

## NINTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves its right to amend its answer to assert any such defenses.

## JURY TRIAL

Defendants request a trial by jury on all issues herein.

**WHEREFORE**, having fully answered, Defendants, Bitco General Insurance Corporation and Robert W. Wall, Inc., pray that this answer be deemed good and sufficient, and that after all due proceedings are had that the claims made by plaintiff against them be dismissed, with prejudice, at plaintiff's sole cost, and/or diminution of Plaintiff's claims pursuant to the

3

doctrine of comparative fault and for any other full, general and equitable relief to which they may be entitled by law.

Defendants also request a trial by jury on all issues herein.

Respectfully submitted,

LOEB LAW FIRM

BY: *[signature]*

J. SCOTT LOEB (#25771)
MICHAEL J. GAUTIER, JR. (#24101)
1180 West Causeway Approach
Mandeville, Louisiana 70471
Telephone:   (985) 778-0220
Facsimile:   (985) 246-5639
Email:       sloeb@loeb-law.com
             mgautier@loeb-law.com

*Attorneys for Defendants, Bitco General Insurance Corporation and Robert W. Wall, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___9th___ day of March, 2018, served a copy of the foregoing on counsel for all parties to this proceeding, either by email, hand delivery, facsimile and/or by mailing the same by United States Mail, properly addressed, and first class postage prepaid.

*[signature]*
MICHAEL J. GAUTIER, JR.

4

**19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO.: 666228                                                                                                        DIV. "B-26"

**QUINTIN D. MELANCON**

**VERSUS**

**BITCO GENERAL INSURANCE CORPORATION,
ROBERT W. WALL, INC., AND JOHNNY PHELPS**

FILED: _____          _____
                                                                              **DEPUTY CLERK**

**JURY ORDER**

Considering the demand for trial by jury filed by defendants pursuant to Article 1732 of the Louisiana Code of Civil Procedure;

In accordance with C.C. P. Art. 1734.1, in lieu of the Bond required in C.C.P. Art. 1734, the Mover for the Jury Trial shall Deposit Cash in the amount of $_____ for the first day and $_____ for each additional day the trial is estimated to last. The Cash Deposit shall be filed with the clerk of Court _____ days prior to Trial. The receipt for the Deposit shall be presented to the Court prior to commencement of the Trial. If the Deposit is not timely made, any other party shall have an additional ten (10) days to make the required deposit. Failure to post the Cash Deposit shall constitute a Waiver of Trial by Jury.

BATON ROUGE, LOUISIANA, this _____ day of _____, 2018.

_____
                                       **DISTRICT JUDGE**

**19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO.: 666228  SECTION.: "26"

**QUINTIN D. MELANCON**

**VERSUS**

**BITCO GENERAL INSURANCE CORPORATION, ROBERT W. WALL, INC., AND JOHHNY PHELPS**

FILED: _____    _____
                                    DEPUTY CLERK

**REQUEST FOR NOTICE**

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, Defendants, Bitco General Insurance Corporation and Robert W. Wall, Inc., hereby request, through undersigned counsel, written notice of the dates set for trial of the above-captioned matter, and/or the date set for trial or hearing of any pleading or motion herein, at least ten (10) days before any trial or hearing date.

Defendants, Bitco General Insurance Corporation and Robert W. Wall, Inc., also request notice of the signing of any final judgment or of the rendition of any interlocutory order or judgment in this matter as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

LOEB LAW FIRM

BY: _/s/ Michael J. Gautier Jr._
J. SCOTT LOEB (#25771)
MICHAEL J. GAUTIER, JR. (#24101)
1180 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: (985) 778-0220
Facsimile: (985) 246-5639
Email: sloeb@loeb-law.com
       mgautier@loeb-law.com

*Attorneys for Defendants, Bitco General Insurance Corporation and Robert W. Wall, Inc.*

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this \_\_9th\_\_ day of March, 2018, served a copy of the foregoing on counsel for all parties to this proceeding, either by email, hand delivery, facsimile and/or by mailing the same by United States Mail, properly addressed, and first class postage prepaid.

                                             /s/ Michael J. Gautier, Jr.
                                             MICHAEL J. GAUTIER, JR.

2